Filed 1/23/25  P. v. Ayala CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDGAR GARCIA AYALA,<br><br>    Defendant and Appellant. | H051692<br>(Santa Cruz County<br>Super. Ct. No. 23CR00283) |

Edgar Garcia Ayala appeals from a judgment entered after pleading no contest to evading a police officer in violation of Vehicle Code section 2800.2, subdivision (a), and two related misdemeanor charges.[1]  On appeal, Ayala's counsel has filed a brief which states the case but raises no issues, under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We advised Ayala of his right to submit written argument on his own behalf within 30 days and he has not done so.  In independently reviewing the record, we find no issues that are arguable on direct appeal.

## I.  BACKGROUND

The Santa Cruz County District Attorney charged Ayala with evading a police officer with willful and wanton disregard (§ 2800.2, subd. (a)), driving with a suspended license (§ 14601.1, subd. (a)), and reckless driving (§ 23103, subd. (a)).  The information

---

[1] Undesignated statutory references are to the Vehicle Code.

1

further alleged that Ayala was out on bail at the time of the charged offenses. (Pen. Code, § 12022.1, subd. (b).)

Ayala entered an open plea after the court indicated a "paper[-]commitment" sentence of 16 months in prison and agreed to release him on "intensive supervised OR" subject to GPS-monitored house arrest. The district attorney struck the out-on-bail enhancement at the time of the plea.[2]

Before sentencing, Ayala informed the trial court that he wished to withdraw his plea due to a purported lack of understanding of the collateral consequences. Because his trial counsel saw no basis to withdraw the plea, the court appointed separate counsel for the limited purpose of evaluating the plea. But in an in camera proceeding under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), the court separately denied Ayala's motion to relieve his trial counsel.

Separate counsel concluded there was no legal basis for Ayala to withdraw his plea.

At the sentencing hearing, Ayala appeared with both trial counsel and separate counsel. Separate counsel reiterated his conclusion that there was no legal basis to withdraw the plea. Ayala disputed this conclusion and the effectiveness of separate counsel's representation, stating that counsel paid inadequate attention to Ayala's concerns, refused to examine his paperwork, and told him to "shut the hell up and just do what a man is supposed to do." Ayala's trial counsel told the court, "Mr. Ayala still is asking the [c]ourt to allow him to withdraw his plea because of a lack of understanding regarding collateral consequences at the time of this plea."[3]

_____

[2] At the same hearing, Ayala also pleaded no contest to two additional weapons possession charges in a separate docket number, which are not at issue in this appeal.

[3] Our review of the record reflects that separate counsel, trial counsel, and the trial court each were careful to not disclose in the presence of the deputy district attorney the

The trial court found not credible Ayala's statements regarding separate counsel and disputed Ayala's claim that the judge had "a close relationship" with separate counsel. The court also denied Ayala's oral motion to withdraw his plea. The court noted that when Ayala entered the plea, his "biggest concern [had been] getting out of custody," and that the plea form Ayala signed had included an advisement of the "collateral consequences that were explored here." Ayala asked to continue the sentencing to permit him to retain counsel but withdrew the request after the court informed him, "I won't stop you from hiring an attorney [for sentencing], but we're not going back on this plea. We are done with that issue."

The court sentenced Ayala to 16 months in prison, which it deemed satisfied by 18 months served in presentence custody. The court also imposed but stayed a $300 victim restitution fine and a $300 parole revocation fine and suspended other fines and fees under *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

Ayala timely appealed.

## II. DISCUSSION

In our independent review of the record on appeal, we are mindful of the California Supreme Court's guidance in *People v. Sanchez* (2011) 53 Cal.4th 80, "disapprov[ing] . . . the appointment of a substitute or 'conflict' attorney solely to evaluate whether a criminal defendant has a legal ground on which to move to withdraw the plea on the basis of the current counsel's incompetence." (*Id.* at p. 90.) But unlike *People v. Sanchez*, the trial court here independently ruled on both the *Marsden* motion and the motion to withdraw the plea, rather than deferring to the assessment of separate counsel. (Cf. *id.* at p. 86.)

---

specific collateral consequence or consequences of concern to Ayala or the basis for the *Marsden* hearing.

3

Having independently reviewed the record, we find no issues that are arguable on direct appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

### III.    DISPOSITION

The judgment is affirmed.

_____

LIE, J.

WE CONCUR:


_____

GROVER, Acting P. J.


_____

WILSON, J.


*People v. Ayala*
H051692